# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
|  | : |  |
| WILLIAM KLAWONN, | : |  |
|  | : |  |
| Plaintiff, | : | Civil Action No. 10-2108 (SRC) |
|  | : |  |
| v. | : |  |
|  | : | **OPINION & ORDER** |
| YA GLOBAL INVESTMENTS, L.P. et al., | : |  |
|  | : |  |
| Defendants. | : |  |

_____

**CHESLER, U.S.D.J.**

 This matter comes before the Court on the motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant YA Global Investments, L.P. ("YA Global.")  For the reasons stated below, the motion will be granted.

 In brief, the Complaint alleges that YA Global profited from trading the stock of NeoMedia Technologies, Inc. ("NeoMedia") in violation of § 16(b) of the Securities and Exchange Act of 1934.  YA Global argues that the Complaint fails to state a valid claim under § 16(b) because it does not adequately allege that YA Global was a statutory insider subject to § 16 as an officer, director, or beneficial owner of more than 10% of the issuer's common stock during the relevant time period.

 The Complaint sets forth at length the basis for Plaintiff's assertion that YA Global was the beneficial owner of more than 10% of NeoMedia's common stock.  YA Global counters this by arguing as follows: "The problem with this argument is that the warrants, debentures and preferred stock at issue in this lawsuit all contained 'blocker' provisions that prevented YA

Global from exercising its conversion rights if the exercise would take YA Global over the 10% threshold."  (Def.'s Br. 1-2.)

The parties do not dispute that the Complaint refers to the relevant securities documents and that this Court may look to those documents in deciding a motion to dismiss.  Nor do the parties dispute that every one of these documents contains a blocker provision that limited Plaintiff's beneficial ownership to approximately 4.9%.[1]

Plaintiff responds with a number of unpersuasive arguments that attempt to defeat Defendant's attack on the sufficiency of the Complaint.

Plaintiff first argues that it has sufficiently alleged being a 10% beneficial owner because of §§ 6.1 and 7.2 of the Series C Stock Certificate.  The Complaint states:

> (c) The Certificate of Designation also provided that the Series C Stock had unrestricted voting rights based upon the amount of shares of Common Stock into which the Series C Stock was convertible by stating that: "The Series C Preferred Shares shall have voting rights on an as converted basis together with the Common Stock shareholders and as otherwise provided under the laws of the State of Delaware." Certificate of Designation § 6.l. These voting rights were not dependent upon any other right, preference or limitation contained elsewhere in the Certificate of Designation. *See* Certificate of Designation § 7.2.

(Compl. ¶ 34(C).)  At issue here is whether this Court will treat the assertion that the voting rights were unrestricted as a well-pleaded fact to be credited, or as an unsupported legal conclusion not to be credited.

Defendant makes two points which persuade this Court that the characterization of the voting rights as unrestricted is conclusory and not adequately supported by the Complaint.  First,

---

[1] Although Plaintiff disputes whether Defendant's submissions of these documents are admissible, Plaintiff has not denied that all relevant securities agreements contain blocker provisions.  Plaintiff's arguments in opposition do not contest the existence of the blocker provisions, but attempt to show that some of them were inoperative or void.

Defendant contends that the language of § 6.1, which gives voting rights on an "as converted basis," indicates that the owner of these shares could not have greater voting rights before conversion than he could after conversion, or, "as converted." Thus, the phrase "as converted" incorporates the restriction of the blocker provision. Second, Defendant contends that Plaintiff's reliance on § 7.2 is misplaced, given the full text of that section:

> 7.2. <u>Severability of Provisions</u>. If any right, preference or limitation of the Series C Preferred Shares set forth herein (as this resolution may be amended from time to time) is invalid, unlawful or incapable of being enforced by reason of any rule of law or public policy, all other rights, preferences and limitations set forth in this resolution (as so amended) which can be given effect without the invalid, unlawful or unenforceable right, preference or limitation shall, nevertheless, remain in full force and effect, and no right, preference or limitation herein set forth shall be deemed dependent upon any other such right, preference or limitation unless so expressed herein.

(Compl. Ex. B.) As Defendant points out, the plain language of this provision limits its application to situations in which a provision has been found invalid or unlawful. It is not a general rule of construction for the Certificate: it would not appear to operate so as to prevent § 6.1 from incorporating the blocker provision.

Defendant has persuaded this Court that the characterization of the Series C Stock voting rights in paragraph 34(c) of the Complaint as unrestricted is not a well-pleaded factual allegation, and, for the purpose of this motion to dismiss only, it will not be credited as true. This does not constitute a ruling on the interpretation of the Series C Stock Certificate with any preclusive effect. This Court rejects Plaintiff's argument that he has sufficiently alleged 10% ownership based on paragraph 34(c) of the Complaint.

Plaintiff next argues that NeoMedia's defaults caused YA Global to become a 10% beneficial owner by August 17, 2006. Yet, as Defendant notes, Plaintiff concedes that, from

August 17, 2006 "until at least the end of 2008, at which time the defaults were purportedly cured, YA was a 10% beneficial owner." (Pl.'s Opp. Br. 14.) As Defendant observes, given that the earliest date of any transaction complained of is November 20, 2009 (Compl. ¶ 70), the fact that Plaintiff had once been a 10% beneficial owner, but was no longer one at the time the transactions at issue occurred, would appear to be irrelevant to the question of whether Plaintiff was a 10% beneficial owner during the time period of interest. This Court finds that Plaintiff's default theory does not rescue the Complaint from its failure to sufficiently allege 10% beneficial ownership.

Plaintiff next contends that, pursuant to the creation of standby equity lines of credit, sufficient shares of stock were deposited into escrow, with no operative blocker provision, that Plaintiff became a 10% beneficial owner. As Defendant observes, the problem with this argument is that it relies on matters outside the Complaint: Plaintiff has not pointed to factual allegations in the Complaint which support this theory. As a result, this argument cannot rescue the Complaint from its failure to sufficiently allege 10% beneficial ownership.

Plaintiff next argues that Defendant has failed to establish that three warrant documents contained blocker provisions. Plaintiff contends that the excerpts from the relevant documents which Defendant has submitted to the Court are inadmissible evidence. This argument fails because Plaintiff has confused the use of documents cited by the complaint in a motion to dismiss – which deals with issues of sufficiency of pleadings – with the use of documents in a motion for summary judgment – which deals with sufficiency of proofs. Plaintiff has provided no authority for the proposition on which this argument depends, that, on a motion to dismiss, the Court may consider a document cited in the Complaint only when it is offered in accordance with

the Federal Rules of Evidence.

Notably, Plaintiff does not charge that the document excerpts offered by Defendant are false or inauthentic. "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Plaintiff has not provided a legal basis for this Court to refuse to refer to the document excerpts offered by Defendant. As a result, this argument cannot rescue the Complaint from its failure to sufficiently allege 10% beneficial ownership.

Lastly, Plaintiff makes a group of arguments that all revolve around the position that the blocker provisions are unenforceable under SEC policy, for various reasons. The gist of Plaintiff's position is that, in an amicus brief in a 2001 case, the SEC set forth a group of factors for courts to consider in determining whether a blocker provision is illusory and therefore unenforceable. These arguments ask this Court to venture very far afield from the Complaint, and they involve many matters that are outside the Complaint. Plaintiff argues that the blocker provisions are illusory because: 1) they were not the product of *bona fide* negotiations; 2) they lacked an enforcement mechanism or were easily waivable; 3) they were easily avoided by a transfer to an affiliate; 4) there was a history of not adhering to the provisions in practice; and 5) there was no regulatory scheme which prevented the ownership of more than 4.99% of the stock. These arguments all appear to rest on factual predicates that are matters outside the Complaint. Before this Court may properly consider these arguments in relation to a motion to dismiss, they must have a basis in well-pleaded factual allegations in the Complaint.

The same is true for Plaintiff's argument based on Rule 13d-3(b). This rule states:

> Any person who, directly or indirectly, creates or uses a trust, proxy, power of
> attorney, pooling arrangement or any other contract, arrangement, or device with
> the purpose of effect of divesting such person of beneficial ownership of a
> security or preventing the vesting of such beneficial ownership as part of a plan or
> scheme to evade the reporting requirements of section 13(d) or (g) of the Act shall
> be deemed for purposes of such sections to be the beneficial owner of such
> security.

17 C.F.R. § 240.13d-3(b).  Again, Plaintiff fails to point to well-pleaded factual allegations in the Complaint which might provide the basis for the application of the Rule.  Plaintiff's brief contains purely conclusory assertions that the requirements of the Rule have been met.

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  Defendant has persuaded this Court that the relevant securities agreements all contained blocker provisions that limited Plaintiff's beneficial ownership to 4.9%, thus preventing Plaintiff's beneficial ownership from reaching the 10% threshold required by § 16(b).  The Complaint does not articulate enough facts to state a claim for relief that is plausible on its face.  The Complaint thus fails to state a valid claim for relief for violation of § 16(b).  The motion to dismiss will be granted.

Plaintiff has presented arguments to this Court that indicate that amending the Complaint is not futile, and that Plaintiff has a substantial array of arguments that may defeat the operation of the blocker provisions.  The Complaint must be redrafted, however, so that the factual predicates for these arguments are well-pleaded allegations in the Complaint.  Plaintiff will be granted leave to so amend the Complaint.

For these reasons,

**IT IS THEREFORE** on this 6th day of December, 2010,

**ORDERED** that Defendants' motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 10) is **GRANTED**, and the Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to amend the Complaint within 45 days of the date of entry of this Order.

                                  _____s/ Stanley R. Chesler_____
                                  Stanley R. Chesler, U.S.D.J.