**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
WILLIAM KLAWONN,                        :
                                        :
    Plaintiff,                          :      Civil Action No. 10-2108 (SRC)
                                        :
    v.                                  :
                                        :      **OPINION & ORDER**
YA GLOBAL INVESTMENTS, L.P. et al.,     :
                                        :
    Defendants.                         :
_____:

**CHESLER**, **U.S.D.J.**

    This matter comes before the Court on the parties' joint motion for clarification (Docket Entry No. 64) of this Court's Opinion & Order of August 10, 2011 (the "Prior Opinion"). In brief, the parties seek clarification as to whether that decision effectively restricted pre-trial discovery to the time period prior to November 7, 2007, the date on which it is alleged that certain defaults were cured. While this Court holds that the Prior Opinion did not so limit discovery, neither should it be understood to unconditionally allow discovery after that date.

    The relevant language in the Prior Opinion states:

> The Amended Complaint pleads sufficient facts to allow this case to proceed to discovery, so that Plaintiff may discover more facts about how long the period of liability may have lasted, and whether short-swing sales occurred during the period in which YA Global's beneficial ownership of NeoMedia shares exceeded the 10% threshold.

(Prior Opinion 12.) YA Global argues that it has now produced the evidence needed to determine how long the period of liability lasted, and that the period of liability did not last beyond November 7, 2007.

This Court finds that discovery should be divided into two phases. In the first phase, discovery may be obtained for the period up to and including the date of cure of the default(s). In the second phase, discovery may be obtained for the period after the cure of the default(s).

The question at this juncture is whether discovery may proceed to the second phase. This is a matter to be decided by Magistrate Judge Shipp. The Magistrate Judge shall decide whether discovery may proceed to the second phase, using procedures subject to his discretion, based on two questions: 1) does the evidence obtained demonstrate that the period during which conversion caps were ineffective ended on a particular date, *i.e.*, November 7, 2007, as asserted in Defendants' briefs in support of their motion to dismiss the Amended Complaint; and 2) if so, does the evidence obtained demonstrate a colorable basis for finding that, as of the date that the conversion caps were reinstated, YA Global had exercised its right to convert such that it then actually owned more than 10% of Neomedia stock? If the discovery produced to date does not demonstrate a colorable basis for finding that, as of the date of cure of the default(s), which triggered reinstatement of the conversion caps, YA Global had exercised its right to convert such that it actually owned more than 10% of Neomedia stock, then, as the Court previously concluded, the reinstated conversion caps would have been effective to preclude subsequent § 16(b) liability, and discovery would not proceed to the second phase.

Thus, to further clarify, this Court has not ruled that the alleged default cure date constitutes a bright line, after which there can be no viable claims. If, as of that date, YA Global actually owned more than 10% of Neomedia stock, subsequent trades which occurred while YA Global actually (as opposed to beneficially) owned more than 10% will be subject to discovery.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　s/ Stanley R. Chesler
　　　　　　　　　　　　　　　　　　Stanley R. Chesler, U.S.D.J.

Dated: October 26, 2011